# IN THE COURT OF APPEALS OF IOWA

No. 17-1112
Filed September 13, 2017

**IN THE INTERST OF D.W., D.W., and D.W.,**
**Minor Children,**

**D.W., Father,**
        Appellant.

_____


        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.


        A father appeals from the order terminating his parental rights.

**AFFIRMED.**



        Michael J. Moeller of Sorensen Law Office, Clear Lake, for appellant

father.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

        Crystal L. Ely, of North Iowa Youth Law Center, Mason City, for minor

children.



        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father appeals the juvenile court decision terminating his parental rights to three children.[1] We find the State offered the father reasonable efforts, there was sufficient evidence to terminate the father's rights, no exception to termination applies, and termination is in the best interests of the children. We affirm the district court.

## I. Background Facts and Proceedings

The Iowa Department of Human Services (DHS) first became involved with the father in 2013 after a number of child abuse assessments. In 2015, DHS was notified the father was using methamphetamine while caring for the children. The two older children were adjudicated children in need of assistance (CINA), though they remained in the father's care. Substance-abuse counseling, drug testing, mental-health treatment, and protective child care were all recommended by DHS. In April 2016, the father contacted DHS and informed the department he and the mother had relapsed and were using illegal drugs. The younger child was then adjudicated CINA and all three children were removed from the father's care.

The father did not consistently attend visitation even when the visitation was conducted in his home. Visitation was moved from the father's home to another city. The father filed a motion for lack of reasonable efforts, requesting increased visitation and assistance with transportation to the visits. The district court found DHS made reasonable efforts.

---

[1] The mother of the children does not appeal.

During the case the father continued to struggle with substance, alcohol, and domestic-abuse issues. During one incident the father lit the mother's clothes on fire along with some of the children's belongings, for which he was jailed. The father failed to complete substance-abuse treatment, has not consistently passed or taken drug tests, and has even shaved his body hair in an attempt to thwart further testing.

The father's parental rights were terminated on June 27, 2017. He now appeals.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Reasonable Efforts

The father claims the State did not make reasonable efforts to return the children to his care. Specifically, he claims DHS was not making reasonable efforts as they should have increased visitation and provided assistance in transportation to the visits. The juvenile court found DHS made reasonable efforts in relation to transportation and visitation. The father failed to attend many visits even when the visits were in his own home. During the case, the father

made progress and DHS considered moving visits back into the family home. The father objected, stating his cousin and brother were living in the home and so visitation should continue to be held at another location. The father also previously stated his father would be able to provide transportation to the visits, and as a result DHS provided gas cards to facilitate the arrangement. When the father continued to have issues arranging transportation, he requested DHS workers transport him to and from the visitation. However, the father's past erratic and violent behavior raised concerns about the workers' safety and DHS refused. We agree with the district court's finding DHS provided reasonable efforts.

## IV. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. The father's rights were terminated pursuant to Iowa Code section 232.116(1)(e)-(h) (2017). Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We find the father's rights were properly terminated under section 232.116(1)(f) and (h). In order to terminate under section 232.116(1)(f), (1) the child must be four years old or older, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the physical custody of the parent for twelve of the last eighteen months, and (4) the child cannot be returned at the time of termination. Section 232.116(1)(h) differs only

in respect to the age of the child and the duration of removal required, elements the father does not contest.

The juvenile court noted "The [father continues] with a cycle of peaks and valleys with progress with issues of substance abuse, alcohol and methamphetamine, domestic violence, criminal behavior, incarceration, violation of no contact between the parents, . . . employment, mental health treatment, consistency with visitations and meeting with providers, and healthy boundaries." The father has been unable to remain sober and has admitted methamphetamine use on multiple occasions. The father was incarcerated during the case after lighting the mother's clothes and some of the children's belongings on fire. The father's violent and erratic behavior was a great enough concern DHS felt it unsafe to allow the case worker to transport the father to visitation. The father is employed but the work is seasonal.

We agree with the juvenile court's assessment. The children are unable to be returned to the father's care. The father is still incapable of caring for the children and meeting their basic needs.

### V. Additional Time

The father also claims he should have been given additional time to work toward reunification. Our supreme court has held we must grant a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills." *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). However, this patience is not unlimited, as it can quickly become a hardship for the children involved. *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989).

The father claims he has followed through with all the case plan goals and made great progress through the life of the case. We disagree. The father has made some progress but failed to complete substance-abuse treatment, committed domestic abuse during the case, was incarcerated, did not regularly attended visitation, and avoided drug testing. An additional six months would not alleviate the litany of concerns still present in this case.

## VI. Exceptions

The father claims the termination of his parental rights should have been precluded by the strength of his emotional bond with the children. The juvenile court may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

The father's failure to address his substance-abuse issues, his repeated violation of no-contact orders with the mother, absence during visitation, and incarceration show he continues to value his own selfish desires over the wellbeing of his children. While termination may cause some emotional distress to the children, increased stability and proper care undoubtedly outweigh any negative effects.

## VII. Best Interests

The father finally claims termination is not in the children's best interests. After finding a ground for termination exists we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration

to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

We find the best interests of all three children are served by termination. The father has not shown sufficient progress during the life of the case. Additionally, the father only sporadically attended visitation, even when the visitation was held in his own home. He has been arrested and incarcerated. He violated a no-contact order and set fire to the mother's clothes. The father has clearly shown he is incapable of caring for his children and his lack of progress shows he is unlikely to become capable. The stability the children will receive as a result of this termination is in their best interests.

**AFFIRMED.**